UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
FLORENCE OGANSUYI                   :
filing as next of friend            :
for RAYMOND AIGBEKAEN,              :
                                    :
           Petitioner,              :   Civ. No. 20-5732 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN,                             :
                                    :
           Respondent.              :
_____ :

APPEARANCES:

Florence Ogansuyi
705 Centerwood St.
West Babylon, NY 11704

    Movant Pro se

Raymond Aigbekaen
94655-379
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Florence Ogansuyi seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a next friend of her son, Raymond Aigbekaen, a prisoner at FCI Fort Dix. See ECF No. 1 (petition). For the following reasons, the petition is dismissed without prejudice for lack of standing.

BACKGROUND

A jury in the District of Maryland convicted Petitioner of conspiracy to commit sex trafficking of a minor, 18 U.S.C. §§ 1591(c); conspiracy related to interstate prostitution, 18 U.S.C. § 371; sex trafficking of a minor, 18 U.S.C. § 1591(a); interstate transportation for prostitution, 18 U.S.C. § 2421; enticement to travel interstate for purposes of prostitution, 18 U.S.C. § 2422(a); and use of interstate facilities to promote an enterprise involving prostitution offenses, 18 U.S.C. § 1952(a)(3).  Judgment of Conviction, United States v. Raymond Idemudia Aigbekaen, No. 1-15-cr-00462-002 (D. Md. Feb. 9, 2017) (ECF No. 228).[1]  He is presently serving his sentence at FCI Fort Dix, New Jersey.  ECF No. 1.

On May 3, 2020, Ms. Ogansuyi filed a request for home confinement on Petitioner's behalf.  Id.  She argues "The BOP has never provided my son with sleep apnea machine even though the VA conducted a sleep study and gave him one."  Id. at 1.  She also asserts that Petitioner "suffers from acute onset autism and dissociative disorders both of which are dangerous.  He ought to receive treatment instead of punishment."  Id.

---

[1] The Court takes judicial notice of the public records of Petitioner's criminal case.

2

STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

DISCUSSION

Ms. Ogansuyi seeks to file this habeas petition as a next friend on her son's behalf. "[U]nder the 'next friend' doctrine, standing is allowed to a third person only if this third person could file and pursue a claim in court on behalf of someone who is unable to do so on his/her own." In re Telfair, 745 F. Supp. 2d 536, 560 (D.N.J. 2010), aff'd in part, vacated

3

in part sub nom. Telfair v. Office of U.S. Attorney, 443 F. App'x 674 (3d Cir. 2011).  The Supreme Court has set forth two requirements for asserting "next friend" standing.  "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action."  Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).  "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest."  Id. at 163-64.  "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court."  Id. at 164.

     As Petitioner's mother, Ms. Ogansuyi presumably meets the significant relationship requirement.  However, she has not established that Petitioner is unable to pursue a habeas petition on his own behalf.  Petitioner is a frequent filer in this Court, and he has submitted documents to the Court as recently as May 1, 2020, two days before Ms. Ogansuyi sent her request.  See Letter, Aigbekaen v. Hurwitz, No. 20-1517 (D.N.J. May 1, 2020) (ECF No. 6); ECF No. 1.  There is no indication Petitioner is unable to file a habeas petition on his own behalf.

In addition, "[i]n the federal courts, 'parties may plead and conduct their own cases personally or by counsel.' This provision authorizes only 'two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself."'" Berrios v. New York City Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654; Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007)). In other words, Petitioner can appear on his own behalf or with an attorney to represent him. "A non-attorney cannot represent another party, even if acting as a next friend." Schlemmer v. Cent. Intelligence Agency, No. 19-3778, ___ F. App'x ___, 2020 WL 2465203, at *1 (3d Cir. May 13, 2020) (unpublished)(citing Berrios).

The Court must dismiss the petition as Ms. Ogansuyi lacks standing to bring this petition on behalf of her son. The dismissal is without prejudice to Mr. Aigbekaen's ability to file a new § 2241 petition seeking this relief either on his own behalf or with the assistance of counsel.[2] Alternatively, if Ms. Ogansuyi is able to retain representation and establish that Mr. Aigbekaen is unable to file his own petition, she may move to reopen this matter.

---

[2] The Court expresses no opinion on whether Mr. Aigbekaen can otherwise meet the requirements, including the exhaustion requirement, of § 2241.

5

CONCLUSION

For the reasons set forth above, the petition is dismissed for lack of standing. An appropriate Order follows.


Dated: May 15, 2020                     s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.